MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: fpetersen@mcrazlaw.com
irothschild@mcrazlaw.com

By: Frederick J. Petersen, # 19944
Isaac D. Rothschild, # 25726
22003-2/gc

Attorneys for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re | Chapter 11 |
|---|---|
| DAVID K. CROWE and COLLEEN M. CROWE, | No. 4:19-bk-04406-BMW |
| Debtors. | |
| TURBINE POWERED TECHNOLOGY, LLC, | Adv. No. 4:19-ap-00260-BMW |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS AND REQUEST FOR SANCTIONS** |
| vs. | |
| DAVID K. CROWE and COLLEEN M. CROWE, | |
| Defendants. | |

David K. Crowe and Colleen M. Crowe ("Debtors" or "Defendants"), through

counsel undersigned, hereby replies in support of their *Motion to Compel* Turbine Powered

Technology, LLC (TPT) to participate in the discovery process.

At the heart of its *Response*, TPT makes a legal error: TPT argues as if its pending motions have the effect of abrogating this Court's orders and the Rules of Civil and Bankruptcy Procedure. They do not.

This Court opened discovery on October 24, 2019. (DE 21 p. 8). At the time this Court opened discovery, TPT had already filed its request to extend discovery, its motion for stay relief, and its motion to abstain/stay. Notwithstanding the pendency of these motions, at the time the Court opened discovery, TPT did not object to the opening of discovery, and in fact agreed that a discovery schedule would be reasonable. (DE 21 p. 4). Since discovery was opened, TPT has filed no other pleadings to stay discovery in this case. At all material times, TPT had constructive knowledge of its legal duties to participate in the discovery process in this adversary that, it bears repeating, TPT initiated.

Nonetheless, TPT has unilaterally refused to comply with its discovery obligations. Unless and until this Court rules to the contrary, TPT has a legal obligation to comply with discovery. *See* Fed. R. Bankr. P. 7026, 7033, 7034, and 7036. Nothing in the law permits TPT to unilaterally refuse to participate in discovery because they have filed motions requesting stay relief/abstention. It is true that TPT objected to Debtors' discovery, but in those objections TPT did not identify any legally cognizeable infirmities in Debtors' discovery. It bears repeating that TPT's only basis for entirely refusing to participate in discovery is that TPT has pending motions (which, as Debtors have shown elsewhere must be denied as not supported by the law or the factual record). Thus, TPT has objected to discovery for reasons that are not legally colorable.

As set forth in Debtors' Motion to Compel, sanctions are warranted where a party fails or refuses to participate. TPT claims it "has been responsive and communicative with Defendants regarding its position as to its responses to the Discovery Requests and it timely responded to the Discovery Requests." But TPT is mistaken because "its position" was that it was unilaterally allowed to refuse to participate in discovery because motions remained

pending. TPT can point to no case law which suggests that taking a legally indefensible position in objection to valid discovery protects them from sanctions. And indeed, no finding of bad faith is required for sanctions. TPT takes the position that it need not participate in discovery, but also admits the following:

- TPT admits that this Court opened discovery. (AP DE 44 p. 3).
- TPT admits that it received discovery requests and admits that it must respond to those discovery requests. (AP DE 44 p. 3).
- TPT admits that "the pending Discovery Requests relate to complex litigation and the existence of trade secrets." (AP DE 44 p. 3).
- TPT admits that its "request for an extension [of the discovery plan deadlines] is still pending." (AP DE 44 p. 2).
- TPT admits its request for an extension of deadlines has not been granted. (AP DE 44 p. 2).
- TPT admits that this Court has not granted stay relief, has not abstained, and has not issued a stay. (AP DE 44 p. 3).

In light of these admissions, the only possible conclusion is that TPT believes that its pending motions relieved it of the duty to participate in discovery. This is a legally flawed position, and Debtors should not have to shoulder the burden of filing pleadings to move TPT off of this position. Sanctions are warranted. Rule 37, Fed. R. Civ. P., specifically states that, upon the granting of a motion to compel, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

/ / /

/ / /

| | |
|---|---|
| DATED: February 12, 2020 | MESCH CLARK ROTHSCHILD<br><br>By: /s/Frederick J. Petersen, #19944<br>    Frederick J. Petersen<br>    Isaac D. Rothschild<br>    Attorneys for Debtors |

Notice of Electronic Filing ("NEF") electronically served on the date of filing upon the registered CM/ECF Users herein as evidenced by the NEF.

COPIES served as indicated below on February 12, 2020:

| | |
|---|---|
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541<br>Email: claims@recoverycorp.com | Turbine Powered Technology, LLC<br>c/o Its Managing Member, Ted McIntye, II<br>298 Louisiana Road, Port of West St. Mary<br>Franklin, LA 70538<br>Email: legal@marineturbine.com<br>Email: ted@marineturbine.com<br>Member, Committee of Unsecured Creditors |
| Tucson Embedded Systems<br>Attn: Dennis Kenman<br>5620 N. Kolb Rd., Ste 160<br>Tucson, AZ 85750<br>Email: contracts@tucsonembedded.com<br>Member, Committee of Unsecured Creditors | Lindsay Brew<br>Miller, Pitt, Feldman & McAnally<br>One S. Church Ave., Ste 900<br>Tucson, AZ 85701<br>Email: lbrew@mpfmlaw.com<br>Member, Committee of Unsecured Creditors |
| Quicken Loans, Inc.<br>c/o Aldridge Pite, LLP<br>PO Box 17933<br>San Diego, CA 92177-0933<br>Email: ecfazb@aldridgepite.com | USAA Federal Savings Bank<br>c/o Aaron M. Waite<br>Weinstein & Riley, P.S.<br>6785-4 S. Eastern Avenue<br>Las Vegas, NV 89119<br>Email: aaronw@w-legal.com |
| Bradley J. Stevens and Fay W. Bidlack<br>Jennings, Strouss & Salmon, PLC<br>One E. Washington Street, Ste 1900<br>Phoenix, AZ 85004-2554<br>Email: bstevens@jsslaw.com<br>Email: fbidlack@jsslaw.com<br>Attorneys for the Official Committee of Unsecured Creditors | Adam B. Nach and Helen K. Santilli<br>Lane & Nach, P.C.<br>2001 E. Campbell Ave., Ste 103<br>Phoenix, AZ 85016<br>Email: adam.nach@lane-nach.com<br>Email: helen.santilli@lane-nach.com<br>Attorneys for Turbine Powered Technology, LLC |

| | |
|---|---|
| Kasey Nye<br>Waterfall Economidis Caldwell<br>Hanshaw & Villamana, P.C.<br>5210 E. Williams Circle, Suite 800<br>Tucson, AZ 85711<br>Email: knye@waterfallattorneys.com<br>Attorney for Tucson Embedded Systems | Edward K. Bernatavicius<br>Office of the United States Trustee<br>230 N. First Ave., Suite 204<br>Phoenix, AZ 85003-1706<br>Email: Edward.K.Bernatavicius@usdoj.gov |
| Todd Jackson<br>Jackson & Oden, P.C.<br>3573 E. Sunrise Drive, Suite 125<br>Tucson, AZ 85718<br>Email: tjackson@jacksonodenlaw.com<br>Attorney for Tucson Embedded Systems, Inc. | Holden Hoggatt<br>Marine Turbine Technologies<br>298 Louisiana Rd., Port of West St. Mary<br>Franklin, LA 70538<br>Email: holden@marineturbine.com<br>Attorney for Turbine Powered Technology, LLC |
| D.C. Panagiotis<br>The Panagiotis Firm<br>1540 W. Pinhook Rd.<br>Lafayette, LA 70503<br>Email: dan@panalaw.com<br>Attorney for Turbine Powered Technology | |

26Y6646