Adam B. Nach – 013622
Helen K. Santilli – 032441
**LANE & NACH, P.C.**
2001 E. Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: helen.santilli@lane-nach.com

Holden Hoggatt – 32158
**Turbine Powered Technology, LLC**
General Counsel
298 Louisiana Road, Port of West St. Mary
Franklin, Louisiana USA 70538
Telephone: (337) 924-0298
Fax: (337) 924-0290
Email: holden@marineturbine.com

*Attorneys for Turbine Powered Technology, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: <br><br> DAVID K. CROWE and COLLEEN M. CROWE, <br><br> Debtors. | (Chapter 11 Case) <br><br> Case No. 4:19-bk-04406-BMW <br><br> *Adv. No. 4:19-ap-00260-BMW* |
| TURBINE POWERED TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID K. CROWE and COLLEEN M. CROWE, <br><br> Defendants. | **MOTION TO CONTINUE APRIL 9, 2020 HEARING FOR GOOD CAUSE** <br><br> **Time:** 11:00 a.m. <br> **Date:** April 9, 2020 <br> **Location:** 38 S. Scott Ave. Courtroom 446 Tucson, Arizona 85701 <br> **Video:** 230 N. 1st Ave. Courtroom 301 Phoenix, Arizona 85003 |

Turbine Powered Technology, LLC ("**TPT**"), through undersigned counsel, hereby requests a short continuance of the April 9, 2020 hearing on David K. Crowe and Colleen M. Crowes' ("**Defendants**") *Motion for Partial Summary Judgment (Counts I-III)* ("**MPSJ**"). This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On November 13, 2019, Defendants filed the MPSJ. (DCKT. 18). TPT filed its response. (DCKT. 30). Defendants filed their reply. (DCKT. 37).

2. On January 3, 2020, TPT filed its *Amended Motion to File Confidential Information and Documents Under Seal* ("**Under Seal Motion**"). (DCKT. 33). The Under Seal Motion seeks to file documents establishing, *inter alia*, its trade secrets, intellectual property, and other proprietary information under seal ("**Documents**"). Given the nature of TPT's claims and its history with the Defendants, TPT has serious concerns about filing information that would be publically available on the docket. Such a filing would cause irreparable harm to TPT.

3. This Court indicated TPT may amend or supplement its Under Seal Motion. Plaintiff is prepared to do so.

4. On January 13, 2020, Defendants filed a limited objection to the Under Seal Motion. (DCKT. 40). One of the objections raised by the Defendants was that they were concerned that TPT could not produce certain documents because such a production may violate a protective order in the Louisiana State Court[1] action.

5. Turbine Embedded Systems ("**TES**"), a creditor of the Defendants, has through counsel also expressed concerns regarding production of the Documents. (Exhibit A).

6. TPT requests this extension of time out of an abundance of caution. TPT filed a Motion for Authorization to Produce Evidence in the Louisiana State Court Case. (Exhibit B). Given the history of the parties and TES' concerns, TPT believes this is the most appropriate course of action. The Louisiana State Court set a hearing on TPT's request on March 30, 2020. (Exhibit C).

7. TPT subsequently has also filed a filed a *Motion for Confidentiality and Protective Order*. (DCKT. 58).

---

[1] "**Louisiana State Court**" refers to the action TPT filed against, among others, David Crowe in the 16th District Court for the Parish of St. Mary, State of Louisiana, case number 130379 Div. F.

8. In the meantime, TPT's ability to provide evidence to support its claims is restrained by the Louisiana State Court Protective Order, Defendants' limited objections, and TES' objections.

9. To the extent the objections are well-founded, the objections seek to prevent TPT from producing, among other things, a portion of relevant computer program trade secrets, i.e. source code, which restricts TPT's ability to file that source code evidence under seal.

10. TPT is, therefore, presented with a dilemma as to how to simultaneously comply with the Orders of both this Court, as well as of the Louisiana State Court. TPT's options are to either: (1) file the Documents under seal in this Court, but possibly in violation of the existing Protective Order issued by the Louisiana State Court and over the objections of Defendants and TES (which may incite further legal debacles); or (2) comply with the Protective Order, but lose its opportunity to file crucial and key evidence of its trade secrets in this Court.

11. On March 9, 2020, TPT's counsel called Fred Petersen, Defendants' counsel to determine if the Debtors would stipulate to a continuance. Mr. Petersen was not available.

12. As a result, TPT respectfully requests that this Court continue the April 9, 2020 thirty days. This continuance should be sufficient time for the Louisiana State Court to rule after the March 30, 2020 hearing, allow TPT to provide the Documents in this case, allow TPT to resolve the Defendants and TES' objections, and provide time for Defendants, their counsel, and this Court to review the Documents prior to the hearing on the MPSJ.

WHEREFORE, based on the foregoing, TPT respectfully requests that the Court enter the Order Continuing April 9, 2020 Hearing and for all other relief it deems just and proper.

DATED: March 9, 2020

**Respectfully Submitted by:**

/s/ Holden Hoggatt
Holden Hoggatt (LBN 32158)
Hoggatt Law Group, APLC
Attorney for Turbine Powered Technology, LLC
298 Louisiana Road, Port of West St. Mary
Franklin, Louisiana 70538
337-924-0298
Holden@marineturbine.com

## CERTIFICATE OF SERVICE

**A COPY** of the foregoing sent by
U.S. Mail and/or electronic delivery to:

Frederick J. Petersen
Isaac D. Rothschild
Mesch, Clark & Rothschild, P.C.
259 N. Meyer Avenue
Tucson, AZ 85701
Email:  fpetersen@mcrazlaw.com
*Attorneys for Debtors*

By /s/ Debbie McKernan

# Exhibit "A"

| From: | Todd Jackson |
|---|---|
| To: | Grelda Castro; claims@recoverycorp.com; MTT - Legal; Ted McIntyre; contracts@tucsonembedded.com; lbrew@mpfmlaw.com; ecfazb@aldridgepite.com; aaronw@w-legal.com; bstevens@jsslaw.com; fbidlack@jsslaw.com; "adam.nach@lane-nach.com"; helen.santilli@lane-nach.com; knye@waterfallattorneys.com; edward.k.bernatavicius@usdoj.gov; Holden Hoggatt; dan@panalaw.com; Fred Petersen; Holden Hoggatt; Lauren Williams |
| Subject: | RE: Turbine Powered Technology v. David and Colleen Crowe - 4:19-ap-00260-BMW |
| Date: | Tuesday, January 21, 2020 4:57:12 PM |

As a supplement to the my email below, and my letter dated December 20, 2019 that is attached as an exhibit to the pending motion in the above matter, all interested parties are advised as follows with respect to the TES source code: the information and data contained therein includes data that is controlled by U.S. Export Administration Regulations (EAR) laws and U.S. International Traffic in Arms Regulations (ITAR) laws. Any unauthorized review, use, disclosure or distribution of this information and data in whole or in part without the express written consent of Tucson Embedded Systems, Inc. (TES), or the U.S. Government as required, is prohibited.

**From:** Todd Jackson
**Sent:** Monday, January 20, 2020 3:50 PM
**To:** Grelda Castro <gcastro@mcrazlaw.com>; claims@recoverycorp.com; legal@marineturbine.com; ted@marineturbine.com; contracts@tucsonembedded.com; lbrew@mpfmlaw.com; ecfazb@aldridgepite.com; aaronw@w-legal.com; bstevens@jsslaw.com; fbidlack@jsslaw.com; 'adam.nach@lane-nach.com' <adam.nach@lane-nach.com>; helen.santilli@lane-nach.com; knye@waterfallattorneys.com; edward.k.bernatavicius@usdoj.gov; holden@marineturbine.com; dan@panalaw.com
**Cc:** Fred Petersen <fpetersen@mcrazlaw.com>
**Subject:** RE: Turbine Powered Technology v. David and Colleen Crowe - 4:19-ap-00260-BMW

Counsel,

We have received the attached filing. Be advised that TES does not authorize any filing, use, or disclosure of any confidential material of TES without specific, advance written authorization by TES and full compliance with ITAR regulations. Consideration of any such requests of TES will require, <u>as an initial matter</u>, a protective order in a form acceptable to TES.

There is a reference in this filing to a meet and confer regarding a protective order, which did not include us, and to the possible future circulation of drafts of the same. If any such drafts have been or are in the future circulated, it may expedite your processes if we are included in the communications relating to the same.

Please contact me if anything regarding the above is unclear.

Todd Jackson
**Jackson & Oden, P.C.**
1670 East River Road, Suite 260
Tucson, Arizona  85718
Phone (520) 884-0024
Fax (520) 884-0025

Website | Email

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error. Then delete it. Thank you.

---

**From:** Grelda Castro <gcastro@mcrazlaw.com>
**Sent:** Monday, January 13, 2020 4:38 PM
**To:** claims@recoverycorp.com; legal@marineturbine.com; ted@marineturbine.com; contracts@tucsonembedded.com; lbrew@mpfmlaw.com; ecfazb@aldridgepite.com; aaronw@w-legal.com; bstevens@jsslaw.com; fbidlack@jsslaw.com; 'adam.nach@lane-nach.com' <adam.nach@lane-nach.com>; helen.santilli@lane-nach.com; knye@waterfallattorneys.com; edward.k.bernatavicius@usdoj.gov; Todd Jackson <TJackson@JacksonOdenLaw.com>; holden@marineturbine.com; dan@panalaw.com
**Cc:** Fred Petersen <fpetersen@mcrazlaw.com>
**Subject:** Turbine Powered Technology v. David and Colleen Crowe - 4:19-ap-00260-BMW

Attached is the *Limited Objection to Amended Motion to File Confidential Information and Documents Under Seal* (AP DE 40), filed today.

Sincerely,

**Grelda Castro**
*Legal Assistant*



259 N. Meyer Avenue
Tucson AZ 85701-1090
Phone 520.624.8886
Fax 520.798.1037



**website** | **vCard** | **map** | **email**

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

# Exhibit "B"

16TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. MARY

STATE OF LOUISIANA

DOCKET NO. 130379                                              DIV. "F"

TURBINE POWERED TECHNOLOGY, L.L.C.

VERSUS

DAVID CROWE, et al

FILED: ___FEB 19 2020___         DPY. CLERK: **MICHELLE FREDERICK**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION FOR AUTHORIZATION TO PRODUCE EVIDENCE

Now into Court, through undersigned counsel, comes plaintiff Turbine Powered Technology, LLC ("TPT") and respectfully shows the following:

1.

On April 12, 2019, defendant David Crowe ("Crowe") filed for chapter 11 bankruptcy relief.[1]

2.

Pursuant to Crowe's bankruptcy action, TPT filed an adversary action seeking a determination that TPT's claims against Crowe are non-dischargeable in bankruptcy.

3.

In response to TPT's adversary action, Crowe filed a Motion for Partial Summary Judgment claiming that TPT has not proven its trade secrets.

4.

TPT's trade secrets are evidenced, in part, in the Source Code developed jointly with Crowe's former company, Tucson Embedded Systems, Inc. (TES).

5.

Tucson Embedded Systems produced the Source Code to TPT pursuant to a subpoena issued in this action on March 27, 2019.

6.

TPT now seeks to file the Source Code in the Crowe bankruptcy action under seal and pursuant to a protective order and non-disclosure agreement.

7.

Consistent with the Protective Order[2] executed in this action and out of an

---

[1] This Louisiana action is currently stayed as to Defendant Crowe.
[2] Exhibit A.

1

abundance of caution, TPT hereby moves this Court for permission to allow it to produce that evidence in support of its adversary action.

RESPECTFULLY SUBMITTED:

THE PANAGIOTIS FIRM
D.C. Panagiotis (15032)
1540 West Pinhook Rd.
Lafayette, Louisiana 70503
Phone: (337) 264-1516
Dan@panalaw.com

_/s/ Jen A. Willi_
HOGGATT LAW GROUP, APLC
Holden Hoggatt (32158)
Lauren A. Williams (37917)
Hoggatt Law Group, APLC
298 Louisiana Road
Franklin, Louisiana 70538
Telephone: (337) 368-634
Holden@marineturbine.com

### Certificate of Service

I hereby certify that I served a copy of the foregoing on the counsel for the parties via electronic mail on this 19th day of February 2020.

_/s/ Jen A. Willi_

2

RECEIVED AND FILED

FEB 1 9 2020

s/Michelle B. Frederick
DY. CLERK OF COURT

16TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. MARY

STATE OF LOUISIANA

DOCKET NO. 130379            DIV. "F"

TURBINE POWERED TECHNOLOGY, L.L.C.

VERSUS

DAVID CROWE, et al

FILED: _____      DPY. CLERK: _____
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER

Considering the foregoing,

IT IS ORDERED that Turbine Powered Technology, LLC's Motion for Authorization to Produce Evidence be _____.

or

IT IS ORDERED that Turbine Powered Technology, LLC's Motion for Authorization to Produce Evidence be set for hearing on the _____ day of _____, 2020.

Done at _____, Louisiana this _____ day of _____, 2020.

                                                 **16th Judicial District Court Judge**

RECEIVED AND FILED

FEB 1 9 2020

s/Michelle B. Frederick
DY. CLERK OF COURT

337-924-0290
lauren@marineturbine.com

| | |
|---|---|
| TURBINE POWERED TECHNOLOGY, LLC | 16th JUDICIAL DISTRICT COURT |
| VERSUS | DOCKET NO. 130379-F |
| DAVID CROWE, ET AL., | PARISH OF ST. MARY, LOUISIANA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## UNOPPOSED JOINT MOTION FOR PROTECTIVE ORDER

NOW come plaintiff, Turbine Powered Technology, LLC (TPT) and defendants, David Crowe, Kenneth Braccio, Donald Foley, George Jackson, Kent Ellsworth, Arizona Turbine Technology, LLC, Arizona Turbine Technology, Inc., Advanced Turbine Services, LLC and Turbine Integrated Power Systems, LLC, who jointly move the Court to sign the agreed upon attached Protective Order in order to protect proprietary and confidential information and facilitate discovery in the above captioned matter.

RESPECTFULLY SUBMITTED:

THE PANAGIOTIS FIRM

_____
D.C. Panagiotis (15632)
1540 West Pinhook Rd.
Lafayette, Louisiana 70503
Phone: (337) 264-1516
Fax: (337) 264-1455
Dan@panalaw.com
Counsel for Plaintiff

HOGGATT LAW GROUP, APLC
Holden Hoggatt (32158)
298 Louisiana Road
Port of West St. Mary
Franklin, Louisiana 70538    337-924-0298
Telephone: (337) 368-6347
Holden@marineturbine.com
Counsel for Plaintiff

Adam G. Young
Meade Young, LLC
556 Jefferson Street
Lafayette, LA 70501
Telephone: (337) 534-0200
Fax: (337) 210-7999
Counsel for Defendants

RECEIVED AND FILED        RECEIVED AND FILED

FEB 1 9 2020            SEP 2 4 2018
                        _____
s/Michelle B. Frederick    DY. CLERK OF COURT
DY. CLERK OF COURT

EXHIBIT A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this day been forwarded to all counsel of record via fax, email and/or by placing same in the United States mail, postage prepaid and properly addressed to:

Mr. Adam G. Young
Mr. John A. Meade
Meade Young, LLC
556 Jefferson Street
Lafayette, LA 70501
agy@meadeyoung.com
jam@meadeyoung.com

Mr. S. Patrick Skiles
Ramsay, Skiles & Streva
1915 Hwy. 182
Morgan City, LA 70380
pskiles@rsslawoffice.com

Mr. Thomas T. Townsend
T. Taylor Townsend, LLC
P.O. Box 784
Natchitoches, LA 71458
taylor@taylortownsendlaw.com

Mr. Matthew James Fantaci
Carver Darden et al
1100 Poydras St Ste 3100
New Orleans, LA 70163
fantaci@carverdarden.com

Mr. Holden Hoggatt
298 Louisiana Road
Port of West St. Mary
Franklin, Louisiana 70538
Holden@marineturbine.com

Lafayette, Louisiana this 21st day of September, 2018.

_____
D.C. PANAGIOTIS

RECEIVED AND FILED

SEP 24 2018

Charlene M. Webbe
DY. CLERK OF COURT

16TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. MARY

STATE OF LOUISIANA

DOCKET NO. 130379                                             DIV. "F"

TURBINE POWERED TECHNOLOGY, L.L.C.

VERSUS

DAVID CROWE, KENNETH BRACCIO, DANIEL FOLEY, GEORGE JACKSON, KENT ELLSWORTH, ARIZONA TURBINE TECHNOLOGY, L.L.C., ARIZONA TURBINE TECHNOLOGY, INC., ADVANCED TURBINE SERVICES, L.L.C. & TURBINE INTEGRATED POWER SYSTEMS, L.L.C.

FILED: ___SEP 24 2018___              CHARLENE M. LeBLANC
                                       DEPUTY CLERK

*********************************************************************

## PROTECTIVE ORDER

The parties desiring to maintain confidentiality of information to be exchanged between the parties, having agreed to the entry of a mutually acceptable protective order pursuant to C.C.P. art. 1426, as evidenced by the signature of their respective counsel, and the court having approved such order:

It is now ordered that if in the course of proceedings in this action any party is required to disclose what any party contends is confidential information, the following procedure must be employed.

1. Subject to the provisions of paragraph 10, confidential information identified as such in accordance with paragraphs 3 or 4 may be used for testimony in this action during trial, motion hearings, and discovery, and may be offered in evidence at the trial of this action, or in support or opposition to any motions in this action subject to the rules of evidence and any further order this court may enter; and may be used to prepare for discovery and/or trial and/or any motions in this action, but may not be used for any other purpose. When provided to the court, confidential information must be submitted for in-camera inspection by the court.

2. For the purposes of this order, "confidential information" means any document, tangible thing, oral testimony or its transcript, or recorded statement of counsel designated by any party as confidential. By way of example, and not by way of limitation, confidential information may include or be included in documents, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings and any instrument which comprises, embodies or summarizes matter which any party considers confidential and desires not to be made public.

3. Any document or tangible thing may be designated as confidential by a party stamping it "CONFIDENTIAL" or by otherwise prominently displaying a similarly suitable or appropriate legend. In the instance of multi-page documents, the entire contents of which are to be designated as confidential information, it is not necessary to stamp all pages, but instead the cover page may be so stamped and the number of pages of the document indicated.

4. Deposition testimony may be designated as confidential by any party stating on the record that such testimony is confidential. This designation should be made on the record whenever possible, but a party may designate portions of depositions confidential after transcription as in the case of any other document or tangible thing, provided written notice of such designation is promptly given to the other party. It will be understood that no person or party will incur any liability with respect to any information previously received from another party without a confidential designation

unless and until the receiving person or party has received written notice that such information has been designated confidential for the future.

Each expert or client representative properly in attendance at any deposition must, prior to attendance of any deposition, read and agree to be bound by the provisions of this order. If the protective order is subsequently amended or modified, each person who has previously agreed to be bound by the order must read such amendment and modifications and agree to be bound by them prior to any further disclosure.

5. All transcripts of depositions, exhibits, answers to interrogatories and other documents filed with the court which have been designated as comprising or containing confidential information, or any pleading or memorandum including such information or its substance, must be filed with such information or its substance disposed in sealed envelopes or other appropriate sealed containers on which must be endorsed the title of this action, and indication of the nature of the contents of the sealed envelope or other container, the words "Confidential—Designated by Counsel," and a statement substantially in the following form:

This envelope contains documents filed in this case by *[name of party]* and is not to be opened, or the contents displayed, or revealed except by order of the court.

This will not prevent a second copy of any pleading or paper specifically intended for review by the court from being hand-delivered to the court's chambers, bearing the appropriate indication of Confidentiality, in order to assure that the same is brought promptly to its attention.

6. The following definitions will be applicable:

a. The term "counsel" will refer only to those attorneys and the employees (legal secretaries, paralegals) of such attorneys, or the attorney's firm, who are counsel of record in this case.

b. The term "technical expert" will refer to any person engaged by counsel in this litigation as a proposed expert witness with whom trial counsel may deem it necessary to consult concerning technical aspects of this case for the preparation of trial.

7. All information produced for a party pursuant to pretrial discovery in this action which is designated pursuant to paragraph 3 or 4 by the furnishing party as containing or comprising confidential information must be reviewed by counsel for the receiving party and must not be disclosed to anyone except that, and solely for the purpose of this action, any such confidential information and such copies as are reasonably necessary for trial preparation may be furnished and disclosed by counsel to client representatives and technical experts (as defined in paragraph 6(d)) requested by counsel to assist in the preparation of this litigation for trial; provided, however, that, prior to receiving any of the furnishing party's confidential information, each of the persons will execute and deliver to counsel for the receiving party a written instrument in which each such person acknowledges that he or she is fully familiar with the terms of this order and that he or she agrees to comply with and be bound by this order until modified or rescinded by a further order of the court. Counsel for the receiving party must keep in his or her files the originals of all signed undertakings and a copy of such must be provided to opposing counsel on request made after final judgment in this action or as ordered by the court.

8. The parties at this time designate counsel as follows:

Defendants: David Crowe, Kenneth Braccio, Arizona Turbine Technology, LLC, Arizona Turbine Technology, Inc., Advanced Turbine Services, LLC, Donald Foley, George Jackson, and Turbine Integrated Power Systems, LLC.

Counsel: Adam Young
315 S. College Road, Ste. 165, Lafayette, Louisiana 70503
337-376-2813

Plaintiff: Turbine Powered Technology, LLC

Counsel: D.C. Panagiotis
1540 W. Pinhook Road, Lafayette, Louisiana 70503

337-264-1516

Nothing contained in this order will prevent a party from designating in writing and with advance notice alternate or additional counsel or technical experts or otherwise.

9. Subject to the provisions of paragraph 11, information identified as confidential must be treated as such by the receiving party and by those identified in paragraphs 7 and 8 until otherwise ordered by the court or agreed by the parties.

10. The restrictions set forth in any of the preceding paragraphs will not apply, on the court's finding, as to:

a. Any information which at the time of the disclosure is available to the public.

b. Any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving party, its trial counsel, associate counsel or technical experts.

c. Any information which the receiving party, its counsel, or technical experts can show: (1) as a matter of written records was already known to the receiving party; (2) as a matter of written record was independently developed by the receiving party; (3) was obtained from the furnishing party without having been designated as confidential information; or (4) was received after the time of disclosure from a third party having the right to make such disclosure and was not required to be held in confidence by the third party.

11. The parties will use reasonable care to avoid designating any document or information as confidential which is knowledge generally available to the public.

12. This order will be without prejudice to any party's right to bring before the court at any time the question of whether any particular item of information is or is not relevant to any issue of this case.

13. A failure of any party to expressly challenge a claim of confidentiality will not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential for any reason included in paragraph 10.

14. This order will be without prejudice to the right of any party to seek a modification, and any party will have the right to oppose production of any information for any reason other than confidentiality.

15. This protective order will not foreclose any of the parties from moving this court for an order that materials bearing a label specified in paragraph 3 are, in fact, not confidential. On such motion, the party asserting confidentiality will have the burden of proving that the material in question is within the scope of protection afforded by this order pursuant to C.C.P. art. 1426.

16. In the event that a party will desire to provide access to information, documents or things identified as confidential to any person or category of persons not included in paragraphs 6 to 8, it may, if agreed modification is not made, move this court for an order that such person or category of persons may be given access to the confidential information. In the event that the motion is granted, such person or category of persons may have access to the confidential information provided that such person or persons have agreed in writing, before such access is given, to be bound by the terms of this order including a prohibition against further use or disclosure of such information.

17. This protective order will not prevent any of the parties from applying to the court for relief from the order, from applying to the court for further or additional protective orders, or from agreeing between themselves to modification of this protective order.

18. Upon termination of this litigation whether by final judgment after appeal or by settlement, each party or other person subject to the terms of this order will be under an obligation to assemble and return to the originating source all materials and documents designated confidential and all copies, summaries and abstracts, and to return or destroy all other material, memoranda or documents embodying data concerning the materials and documents, provided however, that trial counsel for any party may retain one copy of each document solely for reference in the event of and only in the event of a dispute over the use or dissemination of information subject to the terms of this order.

Agreed to:

_____
Adam Young, Counsel for Defendants

_____
D.C. Panagiotis, Counsel for Plaintiff

Order signed at ___Franklin___, Louisiana, on this _9th_ day of ~~Septemeber~~ Oct., 2018.

_____
HON. GREGORY P. AUCOIN
16TH JUDICIAL DISTRICT COURT

RECEIVED AND FILED

SEP 24 2018

_____
DY. CLERK OF COURT

# Exhibit "C"

16TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. MARY

STATE OF LOUISIANA

DOCKET NO. 130379                                                           DIV. "F"

TURBINE POWERED TECHNOLOGY, L.L.C.

VERSUS

DAVID CROWE, et al

FILED: __FEB 19 2020__                    DPY. CLERK: **MICHELLE FREDERICK**

*************************************************************************

## ORDER

Considering the foregoing,

~~IT IS ORDERED that Turbine Powered Technology, LLC's Motion for Authorization to Produce Evidence be~~ _____.

or

IT IS ORDERED that Turbine Powered Technology, LLC's Motion for Authorization to Produce Evidence be set for hearing on the 30th day of March, 2020. @ 9:00 AM BEFORE JUDGE AUCOIN.

Done at Franklin, Louisiana this 21st day of Feb, 2020.

_____
16th Judicial District Court Judge

RECEIVED AND FILED

FEB 19 2020

DY. CLERK OF COURT

3