MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: fpetersen@mcrazlaw.com
irothschild@mcrazlaw.com

By: Frederick J. Petersen, # 19944
Isaac D. Rothschild, # 25726
22003-2/gc

Attorneys for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>DAVID K. CROWE and<br>COLLEEN M. CROWE,<br><br>                 Debtors. | Chapter 11<br><br>No. 4:19-bk-04406-BMW |
| TURBINE POWERED TECHNOLOGY, LLC,<br><br>                 Plaintiff,<br><br>vs.<br><br>DAVID K. CROWE and COLLEEN M. CROWE,<br><br>                 Defendants. | Adv. No. 4:19-ap-00260-BMW<br><br>**DEBTORS' OBJECTION TO TURBINE POWERED TECHNOLOGY, LLC'S MOTION TO CONTINUE APRIL 9, 2020 HEARING FOR GOOD CAUSE** |

      David and Colleen Crowe object to a continuance of the hearing on their Motion for Partial Summary Judgment (Counts I-III) (MPSJ) set for April 9, 2020. The MPSJ was filed on November 13, 2019, and has been fully briefed since January 10, 2020. Almost 60 days

after the Motion has been fully briefed, TPT now asks this Court for a thirty-day continuance. At its core, TPT's request for a continuance claims to be in good faith due to an inability to present evidence to support its claim. But TPT's motion attempts to distract from one central point: the reason that TPT has yet been unable to define its trade secret by presenting evidence is that TPT unilaterally refused to participate in good faith in the discovery process for a series of several months. TPT has admitted that it unilaterally refused to participate in discovery. (AP DE 11 p. 2). Despite the rules of procedure allowing no more briefing, TPT seeks to rewind the clock on summary judgment by filing a brand new and substantially different response to summary judgment (AP DE 64), a brand new and substantially different controverting statement of facts (AP DE 65), requests a 30 day continuance, and asks to submit new evidence – none of which identifies TPT's trade secret with specificity. This Court should hold its April 9 hearing, and grant summary judgment for the Debtors.[1]

I. **ALL DELAY IN THIS CASE IS CAUSED BY TPT**

The timeline of this adversary proceeding up until the present is important. TPT filed its Complaint in July 2019. (AP DE 1). In October, after having taken no steps to advance its own adversary for months, TPT filed a motion asking this Court to abstain or stay the adversary proceeding. (AP DE 10). And although the parties agreed to exchange their initial disclosures no later than October 7, 2019, TPT informed the Crowes on October 21, 2019 that TPT would not be submitting its initial disclosure nor complying with this Court's order

---

[1] Due to the recent outbreak of COVID-19, undersigned counsel recognizes that continuances and professional courtesies may be necessary and are appropriate to accommodate the sweeping changes put in place to protect the public. To the extent that TPT or its counsel needs a continuance for this reason, the Debtors will so agree. However, TPT's motion for a continuance explains that it is solely necessitated by TPT's intentional delay of this case. No request for a continuance as a result of COVID-19 has been made by phone, email, or otherwise. As a result, the Crowes object to the request for the reasons stated in this Objection.

to submit a proposed scheduling order. (AP DE 11 p. 2). Nonetheless, this Court opened discovery on October 24, 2019. (AP DE 21 p. 8). On November 13, 2019, the Crowes filed their Motion for Partial Summary Judgment in which they argued they were entitled to summary judgment because TPT had not and could not identify its claimed trade secrets. (AP DE 30). Whether TPT can identify a trade secret with the requisite particularity is a threshold issue specifically required of plaintiffs under the Uniform Trade Secrets Act. *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164 (9th Cir. 1998). At the time that the Crowes filed their MPSJ, TPT had continually asserted in Court and in pleadings that it was ready to proceed to trial in Louisiana before this bankruptcy was ever initiated. (*See, e.g.*, BK DE 144 p. 7).

Instead of specifying its trade secret, in December of 2019, TPT filed a motion to file confidential information under seal and asked this Court to postpone ruling on the MPSJ. (AP DE 26; AP DE 28). Contrary to several prior representations, TPT asked the Court to delay ruling on the MPSJ to allow it "to conduct discovery in order to prepare a meaningful response." (AP DE 28 p. 2). TPT likewise sought leave of this Court to file what it claimed were hundreds of thousands of pages under seal. (AP DE 26). On January 16, 2020, after TPT refused to produce any documents in response to written discovery requests, the Crowes filed a motion to compel discovery of information directly related to TPT's adversary complaint. (AP DE 41). To date, TPT has yet to produce <u>anything</u> in response to such requests.

On January 22, 2020, this Court held a hearing on various matters, including TPT's Motion to Postpone and TPT's Motion to file under seal. (AP DE 48). At that hearing, the Court refused to grant TPT's under seal motion for procedural deficiencies. (AP DE 48). However, this Court granted TPT leave to file an amended motion to file under seal to address specific concerns. (AP DE 48 p. 8). In response, TPT did nothing.

On February 20, 2020, this Court denied TPT's Motions for this Court to Abstain or Stay. (AP DE 52). In doing so, this Court recognized that "TPT has not established a sufficient basis for the Court to stay this adversary proceeding, which proceeding was commenced by TPT, and which proceeding is intrinsically intertwined with the pending plan confirmation proceedings." (AP DE 52). This Court also recognized that "this Court is in a position to promptly rule on the Motion for Partial SJ." (AP DE 52).

Likewise, on February 20, 2020, this Court denied TPT's Motion to Postpone ruling on the MPSJ. (AP DE 53). In that ruling, this Court noted that "although TPT filed the Amended Motion to File Confidential Information and Documents Under Seal . . . on January 3, 2020, TPT has not taken appropriate steps to pursue that motion. There is nothing in the Motion to File Under Seal that suggests TPT does not possess the information that it thinks necessary to defeat the Motion for Partial SJ." (AP DE 3-4).

Now, in its Amended Response to the Motion for Summary Judgment, TPT "expressly represents that it 'has recaptured its trade secrets and will, with leave of this Court file those documents under seal in order to maintain the secrecy of the trade secrets and proprietary information.'" (AP DE 53 p. 4). TPT indicates that it has requested that the Louisiana Court grant a Motion for Authorization to Produce evidence. (AP DE 59 p. 9). However, TPT did not make that request until February 19, 2020. (AP DE 59 p. 9).

TPT had notice, as of November of 2019, that it would need to identify its trade secret in responding to the Crowe's MPSJ. But TPT elected to wait until the last possible minute, and after this Court had already denied a Motion to Postpone, to take any steps to put on evidence that it has claimed to possess for a long period of time.

On March 9, 2020 [almost eight months after its complaint was filed], TPT asked this Court for a thirty-day extension in order to meet its burden of demonstrating a prima facie claim for a trade secret which only requires specifying what it claims to be its trade secrets. Now, most recently, on March 19, 2020, TPT has filed a motion for expedited hearing and

request to shorten the notice period because the outbreak of COVID-19 has caused the Louisiana Court to continue all civil hearings to be reset by order at a later date.[2] (AP DE 82 p. 3). Ironically, TPT has continually maintained that it does not need permission from the Louisiana Court to produce documents in this case, yet now uses a recent occurrence in that Court as an excuse for several months of its intentional conduct. (AP DE 61 p. 2). TPT has caused the circumstance for which it now seeks relief, and should not be rewarded for its conduct causing delay.

## II. TPT SHOULD NOT BE GRANTED AN EXTENSION TO PRESENT A PRIMA FACIA CASE

To sum up TPT's request: TPT refused to make an initial disclosure. TPT refused to participate in the trial scheduling process. TPT refused to participate in discovery. TPT then took no material actions to produce evidence with its Response, and instead asked for more time to conduct discovery in order to meet the barest threshold requirement of specifying its alleged trade secrets. TPT allowed after filing its response for the MPSJ to be fully briefed and submitted to the Court. TPT unilaterally broke off discussions about a protective order, for reasons which Debtor's Counsel still does not understand. And now, in relation to a supplemental pleading not allowed by the Rules of Procedure, TPT again asks for a continuance from this Court.

It is black letter law that when a party moves for summary judgment and "highlight[s] the absence of evidence supporting the non-moving party's claims," the burden then shifts to the non-moving party "who must produce evidence sustaining a genuine issue of disputed material fact." *Firetrace USA, LLC v. Jesclard*, 800 F. Supp. 2d 1042, 1046 (D. Ariz. 2010). Per Rule 9011, the appropriate time for TPT to marshal its evidence was before it filed its complaint. Certainly, it was also appropriate when it prepared and filed its

---

[2] It is unclear whether a civil hearing is necessary for TPT's Motion to Produce Evidence, or whether there is any meaningful objection to that Motion at all.

Response due in December of 2019. It is now nearing April, and TPT has still not identified its trade secret with specificity as required by *Imax*, 152 F.3d at 1164. TPT has set forth reasons why it has not produced evidence, but none of those reasons amount to good cause to delay this proceeding.

### III. TPT'S REQUEST FOR CONTINUANCE IS NOT IN GOOD FAITH

TPT's concerns about the lack of a Non-Disclosure Agreement are self-inflicted. The Crowes worked in good faith with TPT to come to agreement on the terms of a Non-Disclosure Agreement. Notably, the factual recitation by TPT regarding the Non-Disclosure Agreement is erroneous. (See DE 58, page 3, Paragraph 10)

On February 14, 2020 [Friday after 5:00 p.m.], TPT sent a draft NDA to undersigned counsel. (Exhibit 1) On February 18, 2020 [Tuesday], Debtors' counsel sent an email asking for an opportunity to discuss the draft agreement. (Exhibit 2) February 19, 2020 [Wednesday], counsel for the Debtors and counsel for TPT discussed the draft agreement. That conversation ended with an agreement that TPT's counsel prepare the redline changes discussed to the agreement. On Monday, February 24, TPT's counsel sent a revised draft, this time as a Confidentiality Order, purportedly based on a request by counsel for TES. (Exhibit 3) That same day, Mr. Hoggatt sent an email letter stating: "Now that the court set your MPSJ for hearing and ruled on the motions to abstain, etc., please be advised that we have been compiling the documents and plan to produce the same upon completion." (Exhibit 4) Also on that same day, counsel for TES asked about the status of the Protective Order, and counsel for TPT sent a response. (Exhibit 5) On Friday, February 28, 2020, counsel for the Debtors and counsel for TPT again discussed the draft protective order. Counsel for TPT expressed understanding of all issues discussed. At no time during the discussion did TPT indicate that any issues raised were objectionable, nor that any would result in breaking off discussions. Later, on Friday, February 28, 2020, counsel for the Debtors sent counsel for TPT draft edits to the proposed Protective Order. (Exhibit 6)

TPT did not respond to this draft in writing, by email, or by phone. Instead, it filed the subject motion on March 9, 2020 after unilaterally, and without explanation, breaking off discussions.

Since this Motion was filed, counsel for the Debtors again contacted counsel for TPT asking what remained objectionable. Arizona Counsel for TPT could only explain that the decision was made by Louisiana counsel, and the reasons or rationale for breaking off discussions could not be described. TPT has yet to indicate what, if any, of those redlines are objectionable, and has, yet again, unilaterally ended discussions to cause delay to this case. Confusingly, at the same time that TPT indicated there was no hope for resolution on the NDA issue, TPT stated that it is "willing to work with Debtors' counsel to the extent necessary to create a confidentiality agreement that appeases the interested parties." (AP DE 61 p. 2). There are few inferences to draw from TPT's current position on the NDA which suggest a good faith basis for a continuance.

## IV. <u>CONCLUSION</u>

This Court should not allow TPT to delay these proceedings when it refused to participate in litigation that it initiated. TPT's actions have already cost the estate a great expense due solely to the unilateral decisions by TPT not to participate in good faith in this case. TPT has been litigating its trade secret claims for approximately six years. (AP DE 18 p. 3). It bears noting that we are now almost a year into this bankruptcy case, and a full eight months past the filing of the complaint in this adversary proceeding. The April 9 hearing is on a motion for partial summary judgment which only requires TPT to state a prima facie

///

///

case of its claimed trade secrets. This Court should not allow TPT to unilaterally put this entire bankruptcy case on further hold because it has yet to even describe its trade secret with specificity. The motion for a continuance should be denied.

DATED: March 24, 2020

MESCH CLARK ROTHSCHILD

By: /s/Frederick J. Petersen, #19944
Frederick J. Petersen
Isaac D. Rothschild
Attorneys for Debtors

Notice of Electronic Filing ("NEF") electronically served on the date of filing upon the registered CM/ECF Users herein as evidenced by the NEF.

COPIES served as indicated below on March 24, 2020:

| | |
|---|---|
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541<br>Email: claims@recoverycorp.com | Turbine Powered Technology, LLC<br>c/o Its Managing Member, Ted McIntye, II<br>298 Louisiana Road, Port of West St. Mary<br>Franklin, LA 70538<br>Email: legal@marineturbine.com<br>Email: ted@marineturbine.com<br>Member, Committee of Unsecured Creditors |
| Tucson Embedded Systems<br>Attn: Dennis Kenman<br>5620 N. Kolb Rd., Ste 160<br>Tucson, AZ 85750<br>Email: contracts@tucsonembedded.com<br>Member, Committee of Unsecured Creditors | Lindsay Brew<br>Miller, Pitt, Feldman & McAnally<br>One S. Church Ave., Ste 900<br>Tucson, AZ 85701<br>Email: lbrew@mpfmlaw.com<br>Member, Committee of Unsecured Creditors |
| Quicken Loans, Inc.<br>c/o Aldridge Pite, LLP<br>PO Box 17933<br>San Diego, CA 92177-0933<br>Email: ecfazb@aldridgepite.com | USAA Federal Savings Bank<br>c/o Aaron M. Waite<br>Weinstein & Riley, P.S.<br>6785-4 S. Eastern Avenue<br>Las Vegas, NV 89119<br>Email: aaronw@w-legal.com |

| | |
|---|---|
| Bradley J. Stevens and Fay W. Bidlack<br>Jennings, Strouss & Salmon, PLC<br>One E. Washington Street, Ste 1900<br>Phoenix, AZ 85004-2554<br>Email: bstevens@jsslaw.com<br>Email: fbidlack@jsslaw.com<br>Attorneys for the Official Committee of Unsecured Creditors | Adam B. Nach and Helen K. Santilli<br>Lane & Nach, P.C.<br>2001 E. Campbell Ave., Ste 103<br>Phoenix, AZ 85016<br>Email: adam.nach@lane-nach.com<br>Email: helen.santilli@lane-nach.com<br>Attorneys for Turbine Powered Technology, LLC |
| Kasey Nye<br>Waterfall Economidis Caldwell Hanshaw & Villamana, P.C.<br>5210 E. Williams Circle, Suite 800<br>Tucson, AZ 85711<br>Email: knye@waterfallattorneys.com<br>Attorney for Tucson Embedded Systems | Edward K. Bernatavicius<br>Office of the United States Trustee<br>230 N. First Ave., Suite 204<br>Phoenix, AZ 85003-1706<br>Email: Edward.K.Bernatavicius@usdoj.gov |
| Todd Jackson<br>Jackson & Oden, P.C.<br>3573 E. Sunrise Drive, Suite 125<br>Tucson, AZ 85718<br>Email: tjackson@jacksonodenlaw.com<br>Attorney for Tucson Embedded Systems, Inc. | Holden Hoggatt<br>Marine Turbine Technologies<br>298 Louisiana Rd., Port of West St. Mary<br>Franklin, LA 70538<br>Email: holden@marineturbine.com<br>Attorney for Turbine Powered Technology, LLC |
| D.C. Panagiotis<br>The Panagiotis Firm<br>1540 W. Pinhook Rd.<br>Lafayette, LA 70503<br>Email: dan@panalaw.com<br>Attorney for Turbine Powered Technology | |

2736417