Adam B. Nach – 013622
Helen K. Santilli – 032441
**LANE & NACH, P.C.**
2001 E. Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: helen.santilli@lane-nach.com

Holden Hoggatt – 32158
**Turbine Powered Technology, LLC**
General Counsel
298 Louisiana Road, Port of West St. Mary
Franklin, Louisiana USA 70538
Telephone: (337) 924-0298
Fax: (337) 924-0290
Email: holden@marineturbine.com

*Attorneys for Turbine Powered Technology, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DAVID K. CROWE and COLLEEN M. CROWE,<br><br>Debtors. | (Chapter 11 Case)<br><br>Case No. 4:19-bk-04406-BMW<br><br>*Adv. No. 4:19-ap-00260-BMW* |
| TURBINE POWERED TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID K. CROWE and COLLEEN M. CROWE,<br><br>Defendants. | **MOTION TO RECONSIDER MAY 6, 2020 RULING AND ORDER RE: MOTION FOR LEAVE [DCKT. 97]** |

Turbine Powered Technology, LLC ("**TPT**"), by and through its attorneys undersigned, hereby files this *Motion to Reconsider May 6, 2020 Ruling and Order Re: Motion for Leave [DCKT. 97]* ("**Motion**"). Through this Motion, TPT respectfully requests the Court reconsider its *May 6, 2020 Ruling and Order Re: Motion for Leave [DCKT. 97]* ("**Denial Order**")

pursuant to Federal Rule of Civil Procedure 59(e), which is incorporated by Federal Rule of Bankruptcy Procedure 9023 and pursuant to Local Bankruptcy Rule 9023-1. This Motion is supported by the below Memorandum of Points and the entire record before this Court.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.     PROCEDURAL BACKGROUND**

1. In July of 2016, TPT filed a suit against debtor David Crowe ("**Mr. Crowe**") and other third parties in the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana ("**Louisiana State Court**") alleging, among other things, breach of contract, breach of fiduciary duty, tortious interference with a business relationship, and violations of the Louisiana Uniform Trade Secrets and Unfair Trade Practices Act ("**Louisiana State Court Action**").

2. On April 12, 2019 ("**Petition Date**"), David and Colleen Crowe (collectively, "**Defendants**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Defendants' bankruptcy filing stayed the Louisiana State Court Action as to Mr. Crowe.

3. On July 22, 2019, TPT filed the Complaint against the Defendants that commenced this adversary proceeding. (DCKT. 1). The Complaint alleges that TPT's claims against the Defendants are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), 523(a)(6), and 727(a)(4), and expressly requests that the Court enter a non-dischargeable judgment in TPT's favor in "the sum of not less than $30,014,536.82 plus interest of 10% per annum[.]" (DCKT. 1).

4. On September 3, 2019, TPT filed a *Motion for Relief from Automatic Stay* in the administrative bankruptcy case ("**Motion for Stay Relief**") asking the Court to grant stay relief to allow TPT to proceed with the Louisiana State Court Action. (Admin. DCKT. 144). The Defendants opposed the Motion for Stay Relief. (Admin. DCKT. 148). The Motion for Stay Relief has been fully briefed and the Court held a hearing on the Motion for Stay Relief approximately six months ago on October 24, 2019. To date, the Court has not ruled on the Motion for Stay Relief.

5. On October 18, 2019, TPT filed a *Motion to: (1) Abstain or Alternatively, Stay Adversary Proceeding; and (2) to Continue Deadlines* ("**Motion to Abstain**"). (DCKT. 10). The Defendants objected to the Motion to Abstain.

6. On October 24, 2019, the Court opened discovery to both sides. (See DCKTS. 15, 16, and 21). To date, the Court has not set discovery deadlines. To date, this Court has not entered a Scheduling Order. **To date, this Court has not set any deadlines mandating disclosures related to expert witnesses or their reports**. Therefore, TPT's Expert Report may not be considered untimely.

7. On November 13, 2019, the Defendants filed a *Motion for Partial Summary Judgment (Counts I-III)* ("**MPSJ**") and the *Defendants' Separate Statement of Facts in Support of Motion for Partial Summary Judgment (Counts I-III)*. (DCKTS. 18 and 19). The MPSJ seeks to adjudicate Counts I through III of the Complaint on the grounds that TPT failed to state its trade secrets with sufficient particularity.

8. On December 20, 2019, TPT filed a: (1) *Response to Motion for Partial Summary Judgment (Counts I-III)* ("**Response to MPSJ**") (DCKT. 30); (2) *Controverting Statement of Facts in Support of Response to Motion for Partial Summary Judgment (Counts I- III)* ("**CSOF**") (DCKT. 31); and (3) *Motion to File Confidential Information and Documents Under Seal* ("**Motion to File Under Seal**") (DCKT. 26), in which TPT asked the Court to allow it to file documents establishing its trade secrets, intellectual property, and other proprietary information under seal.

9. On December 20, 2020, TPT also filed a *Motion to Postpone Ruling on Motion for Partial Summary Judgment (Counts I – III)* ("**Motion to Postpone**"). (DCKT. 28). The Motion to Postpone requested the Court deny the MPSJ to allow TPT time to prepare a more meaningful response, which included, *inter alia*, the ability to "obtain affidavits from witnesses supporting TPT's position that Crowe misappropriated TPT's technology" and "[d]epose an expert regarding the specifics of the misappropriated technology" (and to the extent necessary, depose the Defendants' rebuttal expert.) (DCKT. 28, pg. 5).

10. On January 3, 2020, TPT filed an *Amended Motion to File Confidential Information and Documents Under Seal* ("**Amended Motion to File Under Seal**"). (DCKT. 33).

11. On January 10, 2020, the Defendants filed their *Reply to Motion for Partial Summary Judgment (Counts I-III) and Motion to Strike* ("**Reply to Motion for PSJ**"). (DCKT. 37).

12. On January 13, 2020, the Defendants filed a *Limited Objection to Amended Motion to File Confidential Information and Documents Under Seal* (DCKT. 40) based in part upon their belief that TPT was precluded from producing certain documents subject to a Louisiana State Court protective order ("**Protective Order**") and also based in part that they had concerns about whether TPT could legally produce information Defendants assert is owned by a creditor and former employer of Mr. Crowe, Tucson Embedded Systems ("**TES**"). (DCKT. 40). Further, the Defendants expressly indicated they have "serious concerns" that TPT may be "legally prohibited from disclosing" the information it seeks to disclose and "[u]nless and until Debtors are assured that TPT has the right to disclose the property information and documents" the Defendants must object to TPT's Amended Motion to File Under Seal. (DCKT. 40).

13. In response to Defendants' position that they would object to such disclosure "unless and until" TPT assured Defendants it could produce certain confidential information, on February 19, 2020, TPT filed a motion in the Louisiana State Court Action asking the Louisiana State Court for permission to allow TPT to produce evidence in support of its claims against the Defendants and in Response to the MPSJ that is subject to the Protective Order. (DCKT. 59, Ex. B). While TPT's request to the Louisiana State Court was promptly set for a hearing in March of 2020, given the COVID-19 pandemic, the Louisiana State Court has continued the hearing. TPT has requested an accelerated hearing on its request, but is unsure of when or if such a request will be granted due to the pandemic's ongoing effect on legal proceedings.

14. The parties fully briefed the Motion to Abstain and the Court held a hearing on the Motion to Abstain on January 22, 2020. Approximately **four months** after the filing of the Motion to Abstain, the Court denied it.

15. The parties fully briefed the Motion to Postpone. Approximately **three months** after the filing of the Motion to Postpone, the Court denied it. (DCKTS. 52 and 53).

16. TPT has continuously informed this Court it believed it was appropriate to allow the Court to rule on the Motion to Abstain and the Motion to Postpone prior to engaging in duplicative litigation in this Court. The Court noted in the Denial Order that further delay would prejudice the Defendants both in terms of time and accrual of attorney fees, yet does not consider the delay and accrual of attorney fees TPT was forced to incur in waiting for the Court's foregoing rulings and simultaneously litigating against Defendants in this forum and the non-debtor defendants in the Louisiana State Court.

17. On March 9, 2020, TPT filed a *Motion for Order Authorizing Production of Confidential Documents*, which seeks a protective order in this case. TPT attached a proposed order to the foregoing motion. (DCKT. 58).

18. Despite TPT and Defendants' attempts through counsel to jointly create a Protective Order, Confidentiality Order, and Non-Disclosure Agreement, the parties were unable to agree on integral terms. The Defendants have steadfastly refused to entertain certain provisions that TPT deemed necessary for a Protective Order, namely, Defendants refused an "Attorney Eyes Only" provision which TPT and TES[1] have indicated would be necessity given Mr. Crowe's previous conduct, TPT's claims against him, and the Protective Order. TPT cannot produce crucial source code into evidence without confidentiality and other protections as required by TES and the Protective Order.

19. On March 9, 2020, TPT filed a motion to continue the April 9, 2020 oral arguments on the basis that, among other things, it needed to comply with the Protective Order and provide additional documents evidencing its trade secrets to this Court. (DCKT. 59).

---

[1] TES and TPT collaborated on certain projects. One of said projects, in which Mr. Crowe was integrally involved with as an employee and CEO of TES, involved the creation of certain source code belonging to TES which integrates TPT's trade secrets at issue in this case. TPT's trade secrets are therefore embedded and intertwined with TES' source code and relevant to this adversary.

20. In March of 2020, TPT filed a supplement to its Amended Motion to File Under Seal ("**Supplement**") and pursuant to Local Bankruptcy Rule 5005-6, filed the accompanying Declarations of Steven B. Kushnick and Ted McIntyre in support of the Supplement. (DCKTS. 61, 62, and 67).

21. The Supplement fully complied with Local Bankruptcy Rule 5005-6 by describing the documents TPT sought to disclose (Exhibits A through VVVV) and including the required support declarations of Ted McIntyre (Exhibit YYYY) and Steven B. Kushnick (Exhibit XXXX) which further described the materials TPT sought to file under seal. (DCKT. 61, 62, and 67). TPT further filed the documents it wished to file under seal. (DCKTS. 68 – 73).

22. Also on March 9, 2020, TPT filed an *Amended and Supplemental Response to Motion for Partial Summary Judgment (Counts I – III)* ("**Amended Response**") and an *Amended Controverting Statement of Facts in Support of Response to Motion for Partial Summary Judgment (Counts I-III)* ("**Amended Controverting SOF**," and together with the Amended Response, the "**Amendments**"). (DCKTS. 64 and 65).

23. The Amended Controverting SOF included forty-five exhibits. (DCKTS. 64 and 65). Due to the size of Exhibit 21 (it is over 2,200 pages) and the confidential nature of the information contained therein, it was filed separately and is provisionally sealed. (DCKT. 75).

24. On April 7, 2020, the Court gave TPT a short deadline by which it could file a motion for leave to amend setting forth the basis for filing its Amendments.

25. TPT subsequently filed the Motion for Leave, which the Debtors have opposed. (DCKTS. 97 and 105). TPT also sought leave to incorporate the *Expert Report of Steven B. Kushnick, P.E.* ("**Expert Report**") into its Amendments and requested that this Court consider it when adjudicating the MPSJ. (DCKT. 100).

26. On April 10, 2020, TPT filed a *Motion to File Expert Report Under Seal* wherein it requested the Court allow it to file the Expert Report under seal. (DCKT. 98). TPT also filed the Declaration of Steven B. Kushnik in support of the motion, along with a copy of the expert Report. (DCKTS. 99 and 100). TPT lodged an *Order Granting the Motion to File Expert*

*Report Under Seal*. (DCKT. 101). The Defendants filed a *Limited Opposition to Turbine Powered Technology, LLC's Motion to File Expert Report Under Seal*. (DCKT. 105). The Court has not ruled on aforesaid motion.

27. The Court denied TPT's Motion for Leave on May 6, 2020.

28. The Court's Denial Order states "[a]lthough the Supplement refers to Exhibits A to VVVV as being attached, no documents were attached, to be provisionally sealed." (DCKT. 108, pg. 6, lns. 24-5). The Denial Order states that a "court cannot rule on whether to allow documents to be filed under seal when such documents are not described, not disclosed to the court." (DCKT. 108, pg. 9, lns. 24-5). As more fully described above in paragraph 21, the Supplement to the Amended Motion to Filed Under Seal complied with Local Bankruptcy 5005-6 by: (1) providing two declarations describing the materials to be filed under seal (DCKTS. 62 and 67); and (2) providing the documents it wishes to file under seal (DCKTS. 68, 69, 79, 71, 72, and 73).[2]

## II. LEGAL ARGUMENT

Pursuant to Rule 9023, F. R. Bankr. P., when a party files a "motion for reconsideration" within fourteen days of the entry of the judgment, the motion is treated as a motion to alter or amend judgment under Rule 59(e), F. R. Civ. P. *In re Gonzalez*, No. Adv. 08-07156-ER, 2012 WL 603747, 6 (B.A.P. 9th Cir. Feb 2, 2012).

Reconsideration can be justified when there is: (1) newly discovered evidence, (2) the Court committed clear error or its initial decision was manifestly unjust, or (3) there is intervening change in the controlling law. *School Dist. No. 1J, Multnomah Co., Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration are granted only in highly unusual circumstances and should not be used to raise arguments or present evidence that should have been presented in the initial motion or at the hearing. *Marlyn Nutraceuticals, Inc.*

---

[2] The Court is correct in that the support declarations and documents to be filed under seal were not *attached* to the Supplement due to size, therefore, they were filed subsequent to the Supplement and referenced the docket entry to which they referred.

*v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Motions for reconsideration should not ask the Court to "rethink what the Court had already thought through—rightly or wrongly." *In re Am. W. Airlines, Inc.*, 240 B.R. 34, 38 Bankr. D. Ariz. 1999) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). TPT does not allege any new evidence that warrants the Court's reconsideration. TPT does not allege there has been a change in controlling law that warrants the Court's reconsideration. Rather, TPT respectfully contends that the Court's ruling created a manifest injustice when it: (1) inaccurately described TPT's pleadings and utilized aforesaid inaccuracies in reaching its ruling; and (2) denied TPT's request to leave to supplement the Amendments with the Expert Report.

### A. The Court's Denial Order Inaccurately Describes TPT's Pleadings.

The Court's Denial Order indicates that TPT's position that it was awaiting a ruling on the Motion to File Under Seal was not well-taken or convincing because "[a] court cannot rule on whether to allow documents to be filed under seal when such documents are not described, nor disclosed to the court." (DCKT. 108, pg. 9, lns. 24-5). On March 9, 2020, TPT filed its Supplement to the Amended Motion to File Under Seal. (DCKT. 61). Pursuant to Local Bankruptcy Rule 5005-6, TPT expressly indicated which documents it sought to file under seal, Exhibits A through VVVV and duly filed aforesaid documents under seal. Further, as required by Local Rule 5005-6, TPT also filed the supporting declarations of Steven B. Kushnick and Ted McIntyre. Due to the size of Exhibits A through VVVV, they could not be filed as attachments to the Supplement and were, therefore, filed (the very next day) as sealed documents at docket entries 68 through 73 ("**Sealed Support Documents**"). Those documents expressly related back to the appropriate docket entry (either the Supplement or the Declaration of Ted McIntyre).

TPT believes the Denial Order's position that it "cannot rule on whether to allow documents to be filed under seal when such documents are not described, nor disclosed to the

court" is clear error. To the extent the Court considered the above error in denying TPT's request for leave to allow the Amendments and Expert Report, TPT respectfully requests the Court reconsider its Denial Order as such a result would be manifestly unjust.

### B. The Denial Order's Denial of TPT's Request for Leave to Supplement its Amendments is Manifestly Unjust.

TPT's Motion for Leave requested that the Court allow it to supplement its Amendments and the record with the Expert Report pursuant to Federal Rules of Civil Procedure 56(d)(3), made applicable through Federal Rule of Bankruptcy Procedure 7056.

Federal Rule of Civil Procedure 56(d)(3) specifies that when facts are **unavailable** to the non-movant, the non-movant may request that the Court deny a motion for summary judgment or **issue an order it deems appropriate**. Specifically, upon the non-movant showing that it cannot present facts essential to justify its position, the Court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) **issue any other appropriate order**. See F.R.B.P. 56(d). This Court has within its discretion the option to issue any other appropriate order, which includes allowing the Expert Report to be considered when adjudicating the MPSJ and any other pending issue in this case (and the administrative case), including, but not limited to, TPT's objection to Defendants' Chapter 11 Plan and the Defendants' Objection to TPT's Proof of Claim.

As the Declaration indicates, the Expert Report was not available until April 9, 2020. Given the foregoing, it would have been impossible to provide the Expert Report when TPT filed its Response and Statement of Facts. Undersigned reviewed a significant number of potential expert witnesses, but not surprisingly it proved incredibly difficult to find a qualified expert in *turbomachinery of digital controls systems for industrial conversion of overhauled and modified gas turbine engines*. Once undersigned reviewed Steven B. Kushnick's resume, TPT retained him as its expert in early January of 2020, provided him with thousands of documents to review, and Mr. Kushnick then needed months to review the documents given their volume. To clarify, of the documents reviewed, over 60,000 were produced in the

Louisiana State Court Action by Arizona Turbine Technology (**not David Crowe individually**), an entity that was controlled by Mr. Crowe.

As this Court is well aware, Mr. Crowe has refused to comply with discovery requests in the Louisiana State Court Action; indeed, Mr. Crowe was sanctioned and fined for this conduct. As a result, a bench warrant was issued for his arrest. TPT attempted for years to obtain specific information from Mr. Crowe, but he steadfastly failed to comply with discovery requests in the Louisiana State Court Action.

As stated above, the Expert Report is directly relevant to the heart of the dispute between the parties. TPT's Motion to Postpone requested the Court deny the MPSJ as it needed additional time to, *inter alia*, "[d]epose an expert regarding the specifics of the misappropriated technology" and to the extent necessary, depose any rebuttal witnesses. (DCKT. 28, pg. 5). Within two weeks of its Motion to Postpone, TPT was able to find a qualified expert witness to prepare the Expert Report delineating the specifics of its misappropriated technology by Mr. Crowe. TPT promptly retained the expert witness and provided him with no fewer than 60,000 documents to analyze. The expert completed his report only on or about April 9, 2020, at which time TPT promptly submitted the Expert Report to the Court, under seal. (DCKT. 100).

The Denial Order indicates that the Court "cannot conceive of how the Expert Report is critical at this stage." (DCKT. 108, pg. 11, 20-1). As the Defendants, this Court, and TPT have all pointed out, the crux of this case is whether TPT has a legally protectable trade secret. TPT asserts that its pleadings thus far have established the existence of its legally protectable trade secret, but nonetheless, given the complexity of the trade secrets at issue, believe the Expert Report is necessary to eliminate any doubt as to the existence of its trade secrets and Mr. Crowe's misappropriation of the same. The Expert Report concretely and definitively defines TPT's trade secrets and illustrates the impermissible conduct of Mr. Crowe. The Expert Report, therefore, clearly creates a myriad of disputed material facts that need to be considered when adjudicating the MPSJ. Given that summary judgment is disfavored and courts prefer to adjudicate cases on the merits, TPT respectfully submits that this Court should allow the

Expert Report and consider it in when ruling on the MPSJ and not doing so would be manifestly unjust. Critically, the Defendants cannot point to any prejudice that will befall them if the Expert Report is allowed and considered.

The Denial Order states, *inter alia*, that since TPT did not inform the Court it had retained an expert in January of 2020/thereafter or that it intended to file an Expert Report at this stage in the adversary, such conduct amounts to a lack of disclosure and transparency. The Court further provides that the lack of disclosure and transparency supports its denial of TPT's request for leave to allow the Expert Report pursuant to Federal Rule of Civil Procedure 56(d)(3).

TPT respectfully reminds the Court that the Motion to Postpone indicated it needed time to depose an expert regarding the specifics of its misappropriated technology and obtain affidavits regarding Mr. Crowe's misappropriation. TPT submits that its Motion to Postpone contemplated the need for the Expert Report. TPT further reminds the Court there is no Scheduling Order, therefore, there is no deadline by which TPT had to disclose the existence of an expert or any expert reports. Given the volume of information Mr. Kushnick had to review and the subsequent pandemic related obstacles, TPT had no idea when the Expert Report would be finished. TPT did not have any nefarious reason for withholding the existence of its expert witness or the existence of the Expert Report (which was immediately disclosed), especially considering it is the Expert Report that helps to explain the legal basis for TPT's trade secret, provides evidence of TPT's protectable trade secret, and illustrates that Mr. Crowe does not have any justifiable basis to use or have possession of TPT's trade secret.

Given that TPT immediately provided the Expert Report and for the reasons stated in the Declaration, this Court may issue (and indeed should issue) an appropriate order which would allow the Expert Report to be considered in adjudicating the MPSJ and/or allow TPT's request to incorporate the Expert Report into its Amendments. TPT urges the Court to reconsider its denial of allowing the Expert Report pursuant to Federal Rule of Civil Procedure 56(d)(3) as TPT believes the result would be manifestly unjust.

### III. CONCLUSION

WHEREFORE, TPT respectfully requests that this Court reconsider its Denial Order as more fully requested herein, consider the Expert Report when adjudicating the MPSJ, and grant TPT such other relief that this Court deems just and proper.

DATED: May 15, 2020.

                                  **TURBINE POWERED TECHNOLOGY, LLC**

                                  /s/ Holden Hoggatt
                                  Holden Hoggatt – 32158
                                  General Counsel
                                  *Attorney for Turbine Powered Technology, LLC*

**A COPY** of the foregoing sent by
U.S. Mail and/or electronic delivery to:

Frederick J. Petersen
Isaac D. Rothschild
Mesch, Clark & Rothschild, P.C.
259 N. Meyer Avenue
Tucson, AZ 85701
Email: ecfbk@mcrazlaw.com
*Attorneys for Debtors*

Todd Jackson
Jackson & Oden, PLLC
1670 East River Road, Suite 260
Tucson, Arizona 85718
Email: tjackson@jacksonodenlaw.com
*Attorneys for TES*

Waterfall, Economidis, Caldwell,
Hinshaw & Villamana, P.C.
5210 East Williams Circle, Suite 800
Tucson, Arizona 85711
Emails: knye@waterfallattorneys.com
*Attorneys for TES*

By /s/ Terie Flowers Turner