MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: fpetersen@mcrazlaw.com
irothschild@mcrazlaw.com

By: Frederick J. Petersen, # 19944
Isaac D. Rothschild, # 25726
22003-2/gc

Attorneys for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 |
| DAVID K. CROWE and COLLEEN M. CROWE, | No. 4:19-bk-04406-BMW |
| Debtors. | |
| TURBINE POWERED TECHNOLOGY, LLC, | Adv. No. 4:19-ap-00260-BMW |
| Plaintiff, | **DEBTORS' RESPONSE TO TPT's MOTION FOR ORDER AUTHORIZING PRODUCTION OF DOCUMENTS (DE 58) AND TES's CROSS-MOTION FOR PROTECTIVE ORDER (DE 107)** |
| vs. | |
| DAVID K. CROWE and COLLEEN M. CROWE, | |
| Defendants. | |

David K. Crowe and Colleen M. Crowe ("Debtors" or "Defendants") file this Response to TPT's *Motion for Order Authorizing Production of Documents* (DE 58) and TES's *Cross-Motion for Protective Order* (DE 107).

## I. TPT's Motion Lacks Specificity Sufficient for Debtors to Respond.

The Debtors have consistently taken the position that to the extent TPT has confidential or otherwise protected information, the Debtors will agree to reasonable accommodations to ensure such information remains confidential and protected.

However, TPT's Motion lacks any specificity as to the parameters of its request. The deficiency is such that the Debtors cannot effectively respond to the Motion absent presentation of a proposed confidentiality agreement, protective order, or under seal protocol by TPT.

This deficiency was raised during argument to the Court on April 7, 2020. During the hearing, the Court agreed that more specificity was required before any relief could be granted. TPT has not supplemented its request since that hearing. The Debtors oppose any relief on TPT's Motion, unless and until they provide additional information so a meaningful evaluation can be conducted.

## II. It is Premature to Consider TES's Motion

TES has invervened in this Adversary Proceeding to assert that any production or disclosure of information owned by TES, or in which TES has an interest, must be subject to a protective order with "Attorney's Eyes Only" designation. However, TES filed the subject motion before this Court's May 6, 2020 ruling regarding TPT's request to Amend its response to Motion for Partial Summary Judgment (DE 108) which would purportedly include a filing of TES source code. Based on the Court's ruling, no TES information should be put into the record, nor considered unless and until Summary Judgment is denied.

This Court is setting a hearing to proceed with argument on the Motion for Partial Summary Judgment. Similar to the Debtor's pending Motion to Compel with regard to TPT (DE 41), TES's Motion should be held pending a decision by this Court on the Motion for Summary Judgment. If Summary Judgment is granted, TES's Motion will become moot.

There is no need to expend Court or other resources deciding a matter which may ultimately have no impact on the case, and is therefore, not ripe for decision.

### III. It Remains Unclear What Information will be Covered by TES's Proposed Protective Order

The Debtors remain unclear about what items TES is producing into this litigation that gave rise to TES's Motion. Has TPT served TES with discovery requests? Certainly, the Debtors have not requested any production of TES. Knowing the context of TES's Motion and what will be produced is essential to the Debtors knowingly responding. In the course of discussions prior to the Motion, the Debtors asked these questions, and both TES and TPT failed and refused to answer. However, until this information is provided, no relief is appropriate.

Further, TES has not identified what information it believes must be protected with "Attorney's Eyes Only" protections? A party only has standing to seek protection of confidential information that such party holds an ownership interest or confidentiality right to. Any protective order entered by this Court must require TES to identify the information that it claims an ownership interest or confidentiality right over. Without such designation, TES has no standing to otherwise seek or enforce a protective order. And without such designation, the Debtors have no ability to meaningfully comply with any such Protective Order. As with the above issues, this request was made numerous times to TES and TPT in discussions prior to the Motion, but both TES and TPT have refused to answer.

Finally, along with identifying ownership of confidential information, TES must also disclose information about any transfers, sales, or disclosures of such information to TPT. There is a notable admission in TES's Motion that in 2016 TES shared "ownership of the intellectual property as issue and [gave TPT] the right to use it in [its] separate line of business." (DE 107, pg. 4, fn 1). The fact that TPT may now own technology is irrelevant to allegations of wrongful conduct that occurred in 2014 and 2015. There can be no dispute

that TES release David Crowe of any and all claims that it held, whether known or unknown, as part of the separation of their businesses. That necessarily included any and all claims of TES related to its intellectual property. It appears that TPT is now asserting claims based on intellectual property transferred to it by TES after the date TES released all claims against David Crowe. If so, such claims fail as a matter of law. Quite directly, if TES claims an ownership or confidentiality right in various intellectual property, it should identify how and when any transfers of that information was made to TPT. Only this disclosure will allow the parties, and the Court to evaluate TES's claim of confidentiality and understand ownership of the subject intellectual property, which is apparently more complicated than usual because of TES's admission.

### IV. A Blanket Attorney's Eyes Only Designation is Not Appropriate.

TPT's Adversary Complaint asks the Bankruptcy Court to deprive David and Colleen Crowe of their constitutional right to discharge. Conducting the subsequent discovery and trial process without allowing the Debtors to participate, or even defining and identifying for the Debtors what they are being accused of does not satisfy due process. No discharge litigation can be conducted with a blanket Attorney's Eyes Only limitation. TES, as a third party intervening in this litigation, should not be allowed to deprive the Debtors of their due process, nor dictate that the Debtors not participate in this trial.

Before TES requested a Protective Order with "Attorney's Eye's Only" designation, there was significant discussion between TPT and the Debtors regarding a stipulated confidentiality agreement. Notably, TPT did not request Attorney's Eyes Only protections, and instead proposed and was negotiating a more standard confidentiality protocol. However, once TES requested "Attorney's Eyes Only" TPT discarded its prior negotiations without explanation and has been wholly unwilling to even discuss any proposal other than what was proposed by TES.

**Both TES and TPT know that the Debtors Agree to Attorney's Eyes Only designations for TES's Source Code**. TES's Motion mischaracterizes the discussions and significant concessions offered by the Debtors. To the extent TES owns and has a confidentiality right to the Source Code, then the Debtors have already agreed that it can be designated "Attorney's Eyes Only" when produced in this case. The Debtors made this concession well before TES's Motion was filed. However, the Debtors oppose a blanket "Attorney's Eyes Only" designation on all information in this case. Such a designation fundamentally deprives the Debtors of due process, and is not necessary to protect any interests in this case.

In discussions prior to the Motion, neither TES nor TPT could explain why a blanket "Attorney's Eyes Only" designation was necessary. Certainly, TES was offered all of the protection it could reasonably request with regard to its source code, and TPT would similarly get the confidentiality provisions originally proposed to the Debtors. Through the discussions, it became clear that TPT was utilizing the discussion process to further delay the case, and the protective order as a way to deprive the Debtors of due process.

As the Debtors have always offered, they agree to reasonable terms of a confidentiality agreement so as to protect any confidential information owned by TES or TPT. The Debtors have previously filed the last draft exchanged with TPT, which was generally acceptable to both parties. Further, the Debtors will agree to "Attorney's Eyes Only" with regard to any information that TES owns or has a confidentiality right to. With these concessions, it is unclear why the Motion was filed by TES.

### V. The District Court Protective Order is not Binding.

A protective order entered in prior litigation between TPT and TES is in no way binding on the Debtors. While blanket "Attorney's Eyes Only" designations may have been appropriate in that litigation between TPT and TES when previously undisclosed and confidential company information was at issue and being sought in discovery, such items

are simply not relevant to this litigation. To make a prima facia case, TPT must show that it owns trade secret information, that it provided such information to David Crowe, and that David Crowe misappropriated and used such information in violation of some agreement or direction from TPT. Only these facts are relevant to this case.

Confidential information owned or belonging to TES is ultimately not relevant to the claims asserted by TPT. And information which TPT later acquired a joint ownership interest over is not relevant to the case. TES and TPT have a written agreement detailing that the iDec is owned by TES. (See DE 19, Exhibit A, pg. 1-2). As such, it remains unclear to the Debtors why the iDec source code owned by TES should ever be filed in this case. It simply can never give rise to a trade secret claim by TPT.

**VI. Conclusion**

For the reasons set forth in this Response, TES's Cross Motion should be denied, or in the alternative, granted with the conditions and explanations set forth in this Response.

DATED: May 15, 2020            MESCH CLARK ROTHSCHILD

                                               By:   /s/Frederick J. Petersen, #19944
                                                        Frederick J. Petersen
                                                        Isaac D. Rothschild
                                                        Attorneys for Debtors

Notice of Electronic Filing ("NEF") electronically served on the date of filing upon the registered CM/ECF Users herein as evidenced by the NEF.

COPIES served as indicated below on May 15, 2020:

| | |
|---|---|
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541<br>Email: claims@recoverycorp.com | Turbine Powered Technology, LLC<br>c/o Its Managing Member, Ted McIntye, II<br>298 Louisiana Road, Port of West St. Mary<br>Franklin, LA 70538<br>Email: legal@marineturbine.com<br>Email: ted@marineturbine.com<br>Member, Committee of Unsecured Creditors |
| Tucson Embedded Systems<br>Attn: Dennis Kenman<br>5620 N. Kolb Rd., Ste 160<br>Tucson, AZ 85750<br>Email: contracts@tucsonembedded.com<br>Member, Committee of Unsecured Creditors | Lindsay Brew<br>Miller, Pitt, Feldman & McAnally<br>One S. Church Ave., Ste 900<br>Tucson, AZ 85701<br>Email: lbrew@mpfmlaw.com<br>Member, Committee of Unsecured Creditors |
| Quicken Loans, Inc.<br>c/o Aldridge Pite, LLP<br>PO Box 17933<br>San Diego, CA 92177-0933<br>Email: ecfazb@aldridgepite.com | USAA Federal Savings Bank<br>c/o Aaron M. Waite<br>Weinstein & Riley, P.S.<br>6785-4 S. Eastern Avenue<br>Las Vegas, NV 89119<br>Email: aaronw@w-legal.com |
| Bradley J. Stevens and Fay W. Bidlack<br>Jennings, Strouss & Salmon, PLC<br>One E. Washington Street, Ste 1900<br>Phoenix, AZ 85004-2554<br>Email: bstevens@jsslaw.com<br>Email: fbidlack@jsslaw.com<br>Attorneys for the Official Committee of Unsecured Creditors | Adam B. Nach and Helen K. Santilli<br>Lane & Nach, P.C.<br>2001 E. Campbell Ave., Ste 103<br>Phoenix, AZ 85016<br>Email: adam.nach@lane-nach.com<br>Email: helen.santilli@lane-nach.com<br>Attorneys for Turbine Powered Technology, LLC |
| Kasey Nye<br>Waterfall Economidis Caldwell<br>Hanshaw & Villamana, P.C.<br>5210 E. Williams Circle, Suite 800<br>Tucson, AZ 85711<br>Email: knye@waterfallattorneys.com<br>Attorney for Tucson Embedded Systems | Edward K. Bernatavicius<br>Office of the United States Trustee<br>230 N. First Ave., Suite 204<br>Phoenix, AZ 85003-1706<br>Email: Edward.K.Bernatavicius@usdoj.gov |
| Todd Jackson<br>Jackson & Oden, P.C.<br>3573 E. Sunrise Drive, Suite 125<br>Tucson, AZ 85718<br>Email: tjackson@jacksonodenlaw.com<br>Attorney for Tucson Embedded Systems, Inc. | Holden Hoggatt<br>Marine Turbine Technologies<br>298 Louisiana Rd., Port of West St. Mary<br>Franklin, LA 70538<br>Email: holden@marineturbine.com<br>Attorney for Turbine Powered Technology, LLC |

| | |
|---|---|
| 1<br>2<br>3 | D.C. Panagiotis<br>The Panagiotis Firm<br>1540 W. Pinhook Rd.<br>Lafayette, LA 70503<br>Email: dan@panalaw.com<br>Attorney for Turbine Powered Technology |

4

5  2790046

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26